**CHEN XU ZHENG, Petitioner,**

v.

Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.

No. 06–4100–ag.

United States Court of Appeals,
Second Circuit.

Oct. 25, 2007.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Michael Brown, New York, NY, for Petitioner.

Gregory A. White, United States Attorney, Northern District of Ohio, Marilyn A. Cramer, Assistant United States Attorney, Cleveland, OH, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Chen Xu Zheng, a native and citizen of the People's Republic of China ("China"), seeks review of an August 7, 2006 order of the BIA affirming the March 4, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch denying Zheng's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chen Xu Zheng,* No. A 97 744 752 (B.I.A. August 7, 2006), *aff'g* No. A 97 744 752 (Immig. Ct. N.Y. City, March 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus those arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400 (2d Cir.2005).

However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *Id.* at 406; *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

As a preliminary matter, we deny Zheng's petition for review to the extent it challenges the agency's findings with respect to his family planning claim. Zheng is not eligible for relief based solely on his partner's forced abortion. *See generally Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007). Moreover, he has failed to demonstrate that he was persecuted or fears future persecution for his own "other resistance" to a coercive population control program. *See id.* at 313; *cf. In re J–H–S–,* 24 I. & N. Dec. 196, 201 (BIA 2007) (finding that an alien with two children who were born in China may qualify as a refugee if the evidence presented establishes that: (1) the births violated the family planning policy in that alien's locally defined area; and (2) local family planning enforcement efforts would give rise to a well-founded fear of persecution because of the violation).

■ By contrast, the agency's denial of Zheng's Falun Gong claim is the product of erroneous reasoning. Zheng testified that he was detained by a security guard and the superintendent of the factory where he worked from eight in the morning until six in the evening. He stated that they "forced" him to confess that he had been practicing Falun Gong and to sign an "admission" and "guarantee" that he would no longer practice it, and also told him that his friend and fellow Falun Gong practitioner had been arrested by the Public Security Bureau. Zheng also testified that they beat him on his back when he did not promptly admit his "wrongdoing," when they obtained Falun Gong books from his dormitory, when he

attempted to kneel because his legs became tired, and when he asked for water. In addition, Zheng stated that the superintendent dismissed him from his job, and that he was required to attend re-education sessions with local village authorities every "few days." In finding conclusorily that the mistreatment suffered by petitioner did not amount to past persecution, the agency appears to have neglected to consider the context of the detention and beatings and the cumulative effect of that mistreatment when combined with Zheng's dismissal from his job and compulsory re-education sessions. Accordingly, the agency's reasoning was flawed. *See Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir.2005) (noting that, when assessing past persecution, the adjudicator must consider the cumulative effect of an applicant's experiences); *see also Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir.2006) (commenting that a "minor beating" could rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground).

█ Moreover, the record does not support the agency's conclusion that Zheng failed to establish a well-founded fear of persecution if returned to China. The BIA noted that Zheng's family members remained in his native country unharmed. However, to the extent that Zheng was previously detained, beaten, terminated from employment, ordered to stop practicing Falun Gong, and subjected to "re-education," his circumstances differed from those of his family members. The BIA noted also Zheng's failure to corroborate his claim with evidence of his Falun Gong practice in the United States. However, the denial of relief cannot be based solely on an applicant's failure to produce corroborating evidence where his testimony is credible, specific and detailed. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d

104, 115 (2d Cir.2005). Further, the Chinese authorities would have grounds to consider Zheng a Falun Gong adherent, regardless of whether he has practiced Falun Gong in this country.

Finally, the IJ misapprehended the record in finding that there was no indication that officials had returned to look for Zheng. Both Zheng's father and girlfriend indicated in their letters that the village cadres had continued to look for Zheng. Moreover, the 2003 State Department Country Report on Human Rights Practices in China indicates that the Chinese government mistreats known Falun Gong practitioners. For all of these reasons, we do not believe that substantial evidence supported the agency's denial of relief in this case and we remand this case with respect to Zheng's Falun Gong claim.

Because Zheng failed to challenge the agency's denial of his withholding of removal and CAT claims in his brief to this Court, they are deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005) (emphasizing that issues not sufficiently argued in the briefs are considered waived and ordinarily will not be addressed on appeal).

For the foregoing reasons, the petition for review is DENIED, in part, and GRANTED, in part, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this order. Petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot and his pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).